IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUZAN KAWULOK, Individually and as
Representative to the Class; VARIOUS
UNNAMED JOHN DOES and VARIOUS
UNNAMED JANE DOES, Individually and
on Behalf of the Class,

          Plaintiffs,

  vs.                                                     No. CIV 00-459 BB/LFG

ELI LILLY AND COMPANY, and
NOVO NORDISK,

          Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Eli Lilly and Company's ("Lilly") Motion to Bifurcate Class Issues Discovery From Non-Class Discovery [Doc. 25], and its companion Motion for Protective Order Staying Plaintiff's Pending Discovery Requests [Doc. 27]. Plaintiff Suzan Kawulok ("Kawulok") filed the same response to both motions [Doc. 29], asserting that Lilly is precluded from engaging in substantive motion practice before it has filed an answer to the complaint.

## Background

Plaintiff's original complaint was filed in this case on March 30, 2000, and her First Amended Complaint on April 5, 2000. Plaintiff's first attempt to serve the complaint on Defendant Lilly was invalid, but Lilly agreed to have its New Mexico counsel accept service. Lilly also agreed to allow

Plaintiff to serve interrogatories and requests for production along with the complaint. Service on Lilly was accomplished on May 2, 2000.

The parties met on May 10 to discuss the case. In a follow-up letter, counsel for Lilly confirmed certain agreements, including the fact that Plaintiff agreed that Lilly need not file an answer nor respond to Plaintiff's discovery requests "unless and until you notify us." Plaintiff does not contest this statement, but adds that she extended professional courtesy" to both Defendants, "allowing Defendants to wait and file an answer subsequent to Plaintiff's Second Amended Complaint which will be filed sometime in August." (Plaintiff's Reply [Doc. 29], at ¶ 7).

In June, Plaintiff informed both Defendants that she intended to file a second amended complaint, that this would take place some time in August, and that Defendants need not file their answers or responsive pleadings until Plaintiff filed this new complaint. To date, Plaintiff has not sought the Court's permission to file a second amended complaint, as she is required to do under F. R. Civ. P. 15(a). Consequently, although both Defendants have been served, neither party has filed an answer within the time limit set by the Federal Rules.

Plaintiff has served discovery requests on Defendants and argues that Defendants are in violation of Rules 33 and 34, because they have not answered these requests nor served objections in the time specified. Yet she also argues that Defendants have no right to engage in motion practice related to those discovery requests, because they have not yet filed their answers. The reason they have not yet filed answers is because Plaintiff gave them permission to delay filing their Answers until she filed her Second Amended Complaint, which she has not done.

In resisting Lilly's motions, Plaintiff cannot rely on the Defendants' failure to file answers when she herself has created a situation which leaves Defendants in limbo and serves to stall the

2

orderly progress of this litigation. Although some leeway is given for the parties to agree among themselves to extend pre-trial deadlines, the parties are nevertheless bound by the rules of procedure and are not permitted to proceed entirely on a schedule of their own making. One federal court, in refusing to enforce an agreement between the parties to allow defendant to pursue discovery prior to responding to the complaint, held:

> The Court sees no reason to be drawn into the quagmire which the parties and counsel in this case have created for themselves by operating or attempting to operate outside of the Federal Rules of Civil Procedure. Normal procedures prescribed by the Federal Rules, which become applicable as soon as a Complaint is filed, and which fairly and effectively control the progress of litigation, should not be circumvented or held in abeyance by a side agreement of adversarial counsel to operate outside of the Rules in a particular case . . . This Court will not permit litigants and their counsel to treat adherence to the Federal Rules of Civil Procedure as an option to be chosen or rejected according to the circumstances of a particular case or the preferred litigation strategy of counsel . . . The Court, after all, has inherent power to control its own docket. Link v. Wabash R. R. Co., 370 U.S. 626, 82 S. Ct. 1386 (1862).

Sierra Foods, Inc. v. Haddon House Food Products, Inc., No. Civ. A. 90-6841, 1991 WL 95287, at *5 (E.D. Pa. May 29, 1991).

Defendants will be ordered to respond to Plaintiff's First Amended Complaint, as that is her only pleading currently before the Court. Plaintiff has cited no authority for her contention that the question of bifurcation of discovery into class certification and merits issues cannot be resolved until the Defendants' answers are on file, and the Court has found no authority to support this assertion. Therefore, the Court will proceed to the merits of Defendants' motions, after giving Plaintiff an opportunity to impose substantive responses.

IT IS THEREFORE ORDERED that Defendant Eli Lilly and Company, and Defendant Novo

3

Nordisk, will file their answers, or other responsive pleadings, to Plaintiff's First Amended Complaint within 20 days from the date this Order is filed;

IT IS FURTHER ORDERED that, if Plaintiff wishes to contest Lilly's Motion to Bifurcate Class Issues Discovery From Non-Class Discovery [Doc. 25] and its Motion for Protective Order Staying Plaintiff's Pending Discovery Requests [Doc. 27], she must file responses to these motions within 10 days of the date this Order is filed; if she does not do so, the Court will assume that she does not oppose the motions. Defendant Lilly will have 10 days after service of Plaintiff's response to file a reply;

IT IS FURTHER ORDERED that discovery is stayed in this case until further order of the Court.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge