# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SUZAN KAWULOK, Individually and as
Representative to the Class; VARIOUS
UNNAMED JOHN DOES and VARIOUS
UNNAMED JANE DOES, Individually and
on Behalf of the Class,

        Plaintiffs,

vs.                                          CIV NO. 00-0459 MV/LFG

ELI LILLY AND COMPANY, and
NOVO NORDISK,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Joint Motion to Dismiss Class Claims for Lack of Representation and Personal Claims for Lack of Prosecution, filed December 19, 2000 **[Doc. No. 46]**. The Court, having reviewed the motion, response, reply, supplemental response, and supplemental reply, finds that the motion is well-taken and will be **GRANTED** to the extent that it seeks dismissal of Plaintiff's claims. The Motion will be **DENIED** to the extent that it seeks dismissal with prejudice of Plaintiff's personal claims. The complaint will be dismissed, in its entirety, without prejudice.

## BACKGROUND

Plaintiff filed this action on behalf of herself and a class of plaintiffs who have allegedly been injected with insulin, manufactured by the Defendants, that contained human DNA. Plaintiff alleged in her complaint that the Defendants: made and distributed insulin made from human DNA without providing adequate warnings about possible side effects; intentionally suppressed

necessary medical information about the insulin; discontinued or reduced the manufacture of other types of insulin, knowing that insulin prepared from human DNA had negative side effects; failed to implement adequate protocols for supervising patients who were prescribed this type of insulin; failed to inform medical practitioners on the need for adequate protocols; and failed to provide safe alternatives for treatment. Plaintiff also alleged that Defendant Eli Lilly "paid for and arranged for" quick FDA approval of the insulin and that all members of the putative class suffered serious injuries as the result of Defendants' actions.

Plaintiff's original Complaint was filed on March 30, 2000. Her First Amended Complaint was filed on April 5, 2000. On September 25, 2000, the Court granted Plaintiff's Motion to Allow Withdrawal of Attorney and directed Plaintiff to obtain new counsel within 45 days. The withdrawal became final upon the expiration of the 45-day period. *See* Order (September 25, 2000) at ¶ 2. Plaintiff has been proceeding *pro se* since that time.

On December 19, 2000, Defendants filed a Joint Motion to Dismiss, arguing that the class claims must be dismissed for lack of representation and that Plaintiff's personal claims should be dismissed for failure to prosecute. Defendants urge that the class claims be dismissed without prejudice and that the personal claims be dismissed with prejudice.

## ANALYSIS

Defendants are correct that Plaintiff cannot represent the class while proceeding *pro se*. *See Fymbo v. State Farm Fire & Casualty Ins. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). A class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A litigant may bring his own claims to federal court without counsel, but not the claims of others. *Fymbo*, 214 F.3d at 1321 (citing 28 U.S.C. § 1654) ("In all courts of the United

States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") Therefore, the class claims must be dismissed without prejudice.

The Court also finds that dismissal of the personal claims is appropriate, although the Court declines to dismiss these claims with prejudice. The Joint Motion was filed on December 19, 2000, and Plaintiff did not file her response until February 1, 2001. Plaintiff, as a *pro se* litigant, is entitled to have her pleadings construed liberally. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Nonetheless, she is still required to comply with this Court's local procedural rules, which require responses to motions to be filed within fourteen days. D.N.M. R. 7.6(a). Plaintiff's response was almost one month late. Moreover, Plaintiff failed to obtain counsel within 45 days of the Court's September 25, 2000 Order, or to otherwise indicate an intention to prosecute her personal claims. Accordingly, the Court finds that dismissal under Fed. R. Civ. P. 41(b) is proper. Nonetheless, because Plaintiff is proceeding *pro se*, the Court finds that dismissal with prejudice would be an unnecessarily harsh result. Therefore, Plaintiff's personal claims will be dismissed without prejudice as well.

The Court notes that Plaintiff has presented somewhat conflicting positions in her submissions to the Court regarding Defendants' Joint Motion. In her response, she stated that she did "concur at this time with Defendants [sic] Joint Motion to Dismiss," but that she did not wish to give up her rights "to pursue any future claims in this matter." *See* Pl.'s Resp. Therefore, Plaintiff prayed that the Court dismiss "without prejudice when considering dismissing this action for all class claims and all of Plaintiff's personal claims." *See id.* She then filed a Supplemental

Response, however, stating that she "does not concede this action should be dismissed in its entirety." Pl.'s Supplemental Resp. The Court interprets Plaintiff's statements to mean that she agrees that the matter should be dismissed, but disputes that the matter should be dismissed with prejudice, as she does wish to pursue the claims presented in the complaint.

Accordingly, and for the reasons explained *supra*, the Joint Motion to Dismiss will be granted and the complaint will be dismissed without prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Dismiss Class Claims for Lack of Representation and Personal Claims for Lack of Prosecution **[Doc. No. 46]** is hereby **GRANTED**. The complaint is hereby **DISMISSED without prejudice.**

                                                                      _____
                                                                      MARTHA VÁZQUEZ
                                                                      UNITED STATES DISTRICT JUDGE

Plaintiffs' Attorney
	Suzan Kawulok

Defendant's Attorney
	Rodey, Dickason, Sloan, Akin, & Robb, P.A.
	Shook, Hardy, & Bacon, L.L.P.
	Browning & Peifer, P.A.
	Kasowitz, Benson, Torres, & Friedman, L.L.P.